UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BITKERN HPC GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:23-cv-00232-JAW |
| | ) | |
| DYNAMICS LLC, a/k/a DYNAMICS | ) | |
| MINING LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On June 5, 2023, Bitkern HPC GMBH (Bitkern) filed a breach of contract and unjust enrichment action in this court against Dynamics LLC (Dynamics), seeking to recover damages. *Compl.* (ECF No. 1). After several attempts, Bitkern served Dynamics with a summons and complaint on October 10, 2023. *See Affidavit of Service* (ECF No. 8).[1] Dynamics has not answered or otherwise defended the complaint. On December 4, 2023, Bitkern moved the Court to enter default, *Mot. for Entry of Default* (ECF No. 9), and on the same day, the Deputy Clerk entered default against Dynamics. *Order Granting Mot. for Entry of Default* (ECF No. 9).

On January 11, 2024, Bitkern moved the Court for default judgment. *Mot. for Default J.* (ECF No. 13). In its motion, Bitkern states "the damages to which Bitkern is entitled by default can be easily calculated based on the proofs submitted." *Id.* at

---

[1]    Bitkern had trouble serving Dynamics LLC with the summons and complaint in this case. Its efforts to do so are set forth in detail in a seventeen-paragraph affidavit dated October 18, 2023. *Aff. Concerning Serv. of Process* (ECF No. 8). Having reviewed the affidavit, the Court agrees that Bitkern fulfilled its "reasonable diligence" obligation under 5 M.R.S. § 113(2) to attempt to serve Dynamics' registered agent. Once it determined that service of the registered agent could not reasonably be accomplished, its resort to certified mail with return receipts addressed to the governors of Dynamics at their principal office met the alternative service requirements of § 113(2).

2.  To support its claim, Bitkern points to the declaration of Stefan Kern, Bitkern's Founder and Chief Executive Officer, during which he stated that "Bitkern paid Dynamics $116,883.60 for services that were never rendered as per the contractual requirements." *Id.* at 3.  Bitkern also states that "Mr. Kern provided the Court and the Clerk with invoices and proof of payment for each requested amount." *Id.* (citing Declaration of Stefan Kern, Exs. 4-6).  Bitkern adds that "there is no indication on this record that Dynamics ever intends to appear in this Court to defend against Bitkern's allegations." *Id.*  "Finally, based on the submissions in connection with [its] motion, Bitkern respectfully submits that a hearing is not necessary," because "[t]his matter is very straightforward." *Id.* at 4.

In the alternative, "Bitkern is seeking relief under Rule 55(b)(2) in the event there is any question as to the amount of monies due or whether there is any other matter the Court must determine prior to entry of an Order." *Id.* at 3.

Federal Rule of Civil Procedure 55 states that:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

FED. R. CIV. P. 55(b)(1).  The Court is unconvinced that the declarations and exhibits submitted meet the strict standard of Rule 55: a claim for a sum certain.  As such, the Court cannot grant Bitkern's motion for default judgment at this time.

As Bitkern alludes to, Rule 55 also states that "[i]n all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2).  This allows

the Court to "conduct an accounting," "determine the amount of damages," "establish the truth of any allegation by evidence," and "investigate any other matter." *Id.* Moreover, as the Court explained in *TD Bank, N.A. v. Rankin*, No. 2:17-cv-00127-JAW, 2017 U.S. Dist. LEXIS 137578 (D. Me. Aug. 28, 2017), a default hearing is consistent with the Court's reading of First Circuit law on default judgments pursuant to Federal Rule of Civil Procedure 55. *Id.* at *3-6 (citing *KPS & Associates, Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 18 (1st Cir. 2003); *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 436 (1st Cir. 2015); *HMG Prop. Investors, Inc. v. Parque Industrial Rio Canas, Inc.*, 847 F.2d 908, 919 (1st Cir. 1988)).

The Court grants Bitkern's request for a hearing on its motion for default judgment. Once the hearing date, time, and place have been set by the Clerk upon consultation with Bitkern counsel, the Court will require Bitkern to give notice of the hearing to Dynamics at least 14 days prior to the hearing so that it may appear, if it wishes to do so, and contest Bitkern's claimed relief.[2]

Under Rule 43(a) of the Federal Rules of Civil Procedure, a court may "[f]or good cause in compelling circumstances and with appropriate safeguards" permit testimony in open court by contemporaneous transmission from a different location. If Bitkern wishes to present a witness at the damages hearing by videoconference, it should timely file an appropriate motion under Rule 43(a), demonstrating good cause, compelling circumstances, and appropriate safeguards. However, Rule 43(a) does not

---

[2]    As it appears Dynamics has no registered agent, service by certified mail with return receipts to Billy Stewart and Nat Smith of Dynamics at the principal office of Dynamics Brunswick, Maine will again satisfactorily comply with its notice obligation. At the damages hearing, Bitkern should be prepared to demonstrate compliance with this notice requirement.

extend to attorneys and the Court finds no basis under the Rule to excuse counsel from appearing in court.

The Court DEFERS ruling on Bitkern's Motion for Default Judgment (ECF No. 13) until after the Rule 55(b)(2) hearing.  The Clerk's Office shall schedule a damages hearing at a time mutually convenient to the Court and counsel.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2024